## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| REGINA NACHAEL HOWELL FOSTER, | § § § | |
| Appellant, | § § | |
| v. | § § | Civil Action No. 4:15-cv-116-O |
| | § § | |
| AREYA HOLDER, CHAPTER 7 TRUSTEE, | § § | |
| | § § | |
| Appellee. | § | |

## ORDER

Before the Court are Appellant's Brief (ECF No. 5), filed April 27, 2015; Appellee's Response Brief (ECF No. 6), filed May 18, 2015; and Appellant's Reply Brief (ECF No. 7), filed April 28, 2015. Having considered the record, the briefing, and the applicable law, the Court finds that the Bankruptcy Court's findings and conclusions should be and are hereby **AFFIRMED**.

### I.      BACKGROUND

This appeal arises from the Bankruptcy Court's order granting the Chapter 7 Trustee's, Areya Holder, ("the Trustee") objection to the claim of Appellant's minor children ("the Foster children"). Appellant filed for Chapter 7 bankruptcy on June 6, 2012. Appellant later filed an $8,213.07 claim on behalf of the Foster children against herself alleging she breached her fiduciary duty to the Foster children by failing to pay property taxes on property that was left in a trust to the Foster Children. The Trustee filed an objection to the proof of the claim. On January 5, 2015, the bankruptcy court held an evidentiary hearing and determined that the claim should be disallowed. The Bankruptcy Court entered its order on January 28, 2015.

Appellant filed the instant appeal challenging the Bankruptcy Court's order. The appeal has

been fully briefed and is ripe for determination.

## II.     LEGAL STANDARD

A district court sits as an appellate court when reviewing a bankruptcy court's decision in a "core proceeding." *In re Renaissance Hosp. Grand Prairie, Inc.*, 713 F.3d 285, 293 (5th Cir. 2013) (citing *In re Webb*, 954 F.2d 1102, 1103-04 (5th Cir. 1992)).  A district court reviews a bankruptcy court's legal conclusions *de novo*.  *Renaissance*, 713 F.3d at 294 (citing *In re Gerhardt*, 348 F.3d 89, 91 (5th Cir. 2003)).  "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed. R. Bankr. P. 8013.  A finding of fact is clearly erroneous only if the district court is left with "the definite and firm conviction that a mistake has been committed."  *In re Perry*, 345 F.3d 303, 309 (citing *In re Dennis*, 330 F.3d 696, 701 (5th Cir. 2003)).  In reviewing the facts, the Court must give due regard to the opportunity of the bankruptcy judge to assess the credibility of the witnesses.  *Dennis*, 330 F.3d at 701.

## III.    ANALYSIS

On appeal, Appellant lodges multiple challenges to the Bankruptcy Court's order. Appellant's Br. 1-4, ECF No. 5. The Court addresses each issue in turn.

Appellant first argues that the Bankruptcy Court "erred as a matter of law in holding that the Foster Children's sole managing conservator had no duty to manage the children's estate by paying the property taxes imposed when Tex. Fam. Code Sec. 151.001(4) expressly provides that a parent has a legal duty to [sic] 'to manage the estate of the child.'" *Id*. at 12.  In support, Plaintiff contends that the Texas Supreme Court in *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137, 138 (Tex. 1977) spoke to the issue.  *Id*. at 12-13.  She further argues that Section 6.502(a)(5) of the Texas Family Code

applies.  *Id*. at 13.

The Court finds that the holding set forth in *Eggemeyer* does not apply to the instant action.

In *Eggemeyer*, the Texas Supreme Court was faced with the question of determining "whether a trial

court may in a divorce decree divest one spouse of his separate realty and transfer title to the other

spouse."  554 S.W.2d at 138.  The court ultimately determined that a spouse could not be divested

of his or her separate property.  *Id*. at 142.  As that issue is not currently before the Court, nor was

it before the Bankruptcy Court, the case is inapplicable here.

Further, Section 6.502(a)(5) provides the following:

> While a suit for dissolution of a marriage is pending and on the motion of a party or
> on the court's own motion after notice and hearing, the court may render an
> appropriate order, including the granting of a temporary injunction for the
> preservation of the property and protection of the parties as deemed necessary and
> equitable and including an order directed to one or both parties . . . appointing a
> receiver for the preservation and protection of the property of the parties. . . .

Tex. Fam. Code § 6.502(a)(5).  The Court again notes that this statute does not apply in the instant

or underlying Bankruptcy Court proceedings.  Plaintiff points to no other authority in support of her

position and the Court can find no such authority.  Thus, the Court finds that the Bankruptcy Court

did not err as a matter of law in holding that the Foster Children's sole managing conservator had

no duty to manage the children's estate by paying the property taxes  on the property located at 5921

Bonnell Avenue, Fort Worth, Texas 76107 ("the Bonnell property").  The Bankruptcy Court is

**AFFIRMED** on this issue.

Appellant next contends that "Texas law is unequivocally clear the instant debtor had an

express legally imposed duty to manage the real property estate left in trust for the benefit of the

Foster Children pursuant to Tex. Fam. Code Sec. 151.001(4), and Tex. Prop. Code 114(c)(1)."

Appellant's Br. 14, ECF No. 5.  In its Order, the Bankruptcy Court found the following with respect

to this issue:

> The Foster Children have not proven any breach of fiduciary duty by the Debtor as
> Trustee of property left in trust to the Foster Children.  The court has heard the sworn
> testimony of the Debtor who appeared as a witness at the hearing.  The court finds
> that there has been full and complete compliance with the fiduciary duty imposed on
> the Debtor.  The Court finds that the Debtor had been doing whatever she could to
> preserve this Property for the Foster Children and such Property is not property of the
> bankruptcy estate.  The Court finds the Foster Children have no claim against the
> estate for breach of any fiduciary duty by the Debtor.

Bankr. Order, Jan. 28, 2015, ECF No. 1-1.  Plaintiff failed to provide the Court with a transcript

from the hearing on the objection.  As a result, it is unclear from the record what evidence the

Bankruptcy Court considered in making its determination on this issue.  "In the absence of a

transcript, [a reviewing court] must presume the bankruptcy court's findings of fact are correct and

supported by the evidence." *In re Solomon*, 129 F.3d 608 (5th Cir. 1997).  Consequently, Appellant

cannot sustain her burden to establish that the Bankruptcy Court's factual findings were clearly

erroneous and the Bankruptcy Court must be **AFFIRMED** on these issues.  *See* Fed. R. Bankr. P.

8013.

Next, Appellant states that "[i]n the instant case, a holding that the Foster Children are not

creditors of the bankruptcy estate is clearly erroneous as a matter of law." Appellant's Br. 17, ECF

No. 5. She further alleges that the Foster children "have a valid 'right to payment' and a 'right to an

equitable remedy for breach of performance' . . . under the express terms of the Bankruptcy Code."

*Id*. at 16.  However, for the reasons previously discussed above, the Court finds that the Foster

Children are not creditors of the bankruptcy estate because (1) the Foster children do not have a

claim against their custodial parent for the custodial parent's failure to pay property taxes on the

Bonnell property left to them in trust; and (2) Plaintiff did not breach her fiduciary duty, as trustee, by failing to pay the property taxes on the Bonnell property.  The Bankruptcy Court is **AFFIRMED** on this issue.

Finally, Appellant argues that "no factual dispute exists as to the failure to pay the taxes due on the real property held in trust for the benefit of the Foster Children." Appellant's Br. 18, ECF No. 5.  Appellant further states that "the federal Chapter 7 Trustee has not produced any evidence tending to defeat the claim that is of a probative force equal to that of the Foster's proof of claim's proof of claim for breach of fiduciary duty in the payment of property taxes on property left in trust." *Id*. at 19.  Appellant also argues that "[t]he bankruptcy court's finding that the June 12, 2013 filing of a proof of claim by the Foster Children 'is a contrived claim to try to make the estate liable for a claim for which it is not liable.  The claim has been contrived to give the Debtor two opportunities to object to each motion filed in this case on behalf of herself and the Foster Children' is clearly erroneous." *Id*. Plaintiff failed to provide the Court with a transcript from the hearing on the objection.  As a result, it is unclear from the record what evidence the Bankruptcy Court considered in making its determination on these issues.  "In the absence of a transcript, [a reviewing court] must presume the bankruptcy court's findings of fact are correct and supported by the evidence." *In re Solomon*, 129 F.3d 608 (5th Cir. 1997).  Consequently, Appellant cannot sustain her burden and the Bankruptcy Court must be **AFFIRMED** on these issues.

## IV.    REQUEST FOR DETERMINATION THAT APPEAL IS FRIVOLOUS

Appellee "seeks a determination that the appeal is frivolous." Appellee's Resp. 19, ECF No. 6.  In support, Appellee contends that "Debtor failed to provide a hearing transcript so the findings of fact supporting the objection to the claim of the Foster Children made by the Bankruptcy Court

must be accepted." *Id*. at 20.  Further, "Debtor on behalf of the Foster Children did not present any legal arguments with merit . . . Instead of presenting relevant arguments disputing the disallowance of the [Foster children's] claim, the debtor made baseless irrelevant allegations on other issues having nothing to do with the disallowance of the claim." *Id*.  Appellee asks for just damages and single or double costs in the amount of $10,000.00.

Federal Rule of Bankruptcy Procedure 8020 provides:

> If the district court or BAP determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

Fed. R. Bankr. P. 8020(a).  "An appeal is frivolous if the result is obvious or the arguments of error are wholly without merit." *Coghlan v. Starkey*, 852 F.2d 806, 811 (5th Cir. 1988).  The Court does not find that Appellant's appeal is so wholly without merit as to warrant a finding of damages or costs.  Appellee's request is **DENIED**.

## V.     CONCLUSION

Based on the foregoing, it is **ORDERED** that the Bankruptcy Court's Order Granting the Chapter 7 Trustee's Objection to the Claim of the Foster Children is hereby **AFFIRMED**.  It is **FURTHER ORDERED** that Appellee's request for damages and costs is **DENIED**.

**SO ORDERED** on this **30th day** of **July, 2015**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**